**Shelly H. Cozakos, ISB No. 5374**
**PICKENS COZAKOS, P.A.**
398 S. 9th Street, Suite 240
P.O. Box 915
Boise, Idaho  83701
Telephone:  208.954.5090
Facsimile:  208.954.5099
shelly@pickenslawboise.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JON GABRIEL ROSTBERG, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>H. W.  LOCHNER, INC., a Wisconsin Corporation,<br><br>*Defendant.* | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Jon Gabriel Rostberg, an individual, by and through his counsel of record, Shelly H. Cozakos of the firm Pickens Cozakos, P.A., and as a cause of action against Defendant H. W. Lochner, Inc. ("Defendant" or "H. W. Lochner"), alleges and complains as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1).

2. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

3. Venue is proper in this district pursuant to 28 U.S.C § 1391(b) & (c) and 42 U.S.C. § 2000, *et sec*. because a substantial part of the wrongful conduct complained of herein occurred in this district, Defendant transacts substantial business in this district and Defendant maintains employment records related to this action in this district.

4. Plaintiff has exhausted his administrative remedies and complied with the statutory prerequisites of Title VII by filling charges with the United States Equal Employment Opportunity Commission ("EEOC") and the Idaho Human Rights Commission ("IHRC") alleging discrimination and has received a Notice of Right to Sue from both.

## PARTIES

5. Plaintiff Jon Gabriel Rostberg ("Rostberg") is an Idaho resident.

6. Between May 2008 and July 5, 2017 Rostberg was an employee at Lochner, as defined by Title VII and the Americans with Disabilities Act.

7. At all times relevant hereto, Rostberg was an "individual" or "person" as defined by the IHRA.

8. Defendant HW Lochner, Inc. ("Lochner") is a Corporation organized and existing under the laws of the State of Wisconsin, doing business in the State of Idaho.

9. At all times relevant to this action, Lochner was and is an "employer" as defined by Title VII and the IHRA and the ADA.

10. At all times relevant to this action, Lochner was Rostberg's employer under Title VII and the IHRA and the ADA.

## GENERAL FACTS

11. In or around May of 2008, Rostberg started working at Lochner's office in Meridian, Idaho as an intern in its engineering program. Lochner is a planning, design and engineering firm providing engineering and services to both public and private clients, with a specialty in transportation. Lochner's headquarters are located in Illinois, and has offices throughout the United States.

12. Rostberg worked his way up to a full-time position after receiving his engineering degree as a Project Engineer in Lochner's Meridian, Idaho office.

13. At all times relevant hereto, Rostberg's supervisor at Lochner was Vance Henry ("Henry"), who also served as a Vice President at Lochner and the Managing Partner of the Meridian office.

14. During Rostberg's employment, he suffered from and had been diagnosed with Attention Deficit Disorder, a disability as defined by the Americans with Disabilities Act ("ADA"). Rostberg's ADD is an impairment that substantially limits his ability to perform major life activities. Rostberg informed Henry and others at Lochner of his disability.

15. Rostberg requested an accommodation of being able to work in a quiet office so he could better focus. This was a reasonable accommodation given the size of Lochner's offices.

16. Lochner failed to provide the requested accommodations, and instead Henry would deliberately interrupt Rostberg and instruct him to do menial tasks which made it increasingly difficult for Rostberg to focus at crucial times and therefore perform his job duties in a timely manner.

17. During Rostberg's employment at Lochner, he was the target of numerous cruel, sexual comments directed at him that were not only sexual in nature, but targeted at him because

of his disability and because of his sex. Henry's comments were directed to Rostberg and Henry regarded Rostberg as not masculine enough and ridiculed him because he suffered from ADD.

18. Rostberg was also subjected to a hostile working environment while employed at Lochner. The repeated offensive, sexual statements made to Lochner by Henry and comments directed at him because of his disability or perceived disability created a working environment that was intimidating, intentional, severe and sufficiently pervasive.

19. For example, one of Mr. Rostberg's supervisors made comments such as "I am going to ride you for the next year like a virgin and not even spit on it" and "when I am done I am going to let Vance finish you off."

20. Rostberg contacted Lochner's Human Resources office requesting assistance and to make the illegal conduct stop. The human resources representative, however did not provide assistance or even instigate an investigation.

21. Shortly after Rostberg complained to Human Resources, on May 15, 2017, Rostberg was given a scathing review by Henry, both verbally and in writing. Rostberg's annual reviews prior to this time frame, however, had been favorable. Lochner then terminated Rostberg's employment on July 5, 2017.

### COUNT I—VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000 *et seq*.

22. The foregoing paragraphs are hereby incorporated by this reference and restated as if set forth in full.

23. Lochner has discriminated against Rostberg in violation of Title VII because of or on the basis of his sex and disability or perceived disability.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

24. Lochner failed to prevent, respond to, adequately investigate and/or appropriately resolve the discrimination and hostile work environment against Lochner in the workplace.

25. As a direct and proximate result of Lochner's conduct alleged herein, Rostberg has suffered and continues to suffer harm, including but not limited to lost wages, lost back pay and front pay, lost future employment opportunities, and other financial loss, as well as non-economic damages.

26. Rostberg was subjected to a hostile working environment because his workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.

27. Rostberg was subjected to verbal conduct of a sexual nature which was unwelcome and sufficiently severe or pervasive to alter the conditions of his employment and unreasonably interfere with his employment.

28. The hostile work environment and discrimination was created by a supervisor at Lochner and, when reported to Human Resources, was not remedied, investigated or addressed in any fashion. As a further and direct and proximate result of Lochner's unlawful conduct, Rostberg has suffered pain, humiliation, embarrassment, emotional and physical distress, and mental anguish.

29. By reason of Lochner's actions, Rostberg is entitled to all legal and equitable remedies to recover such monetary and other damages, including compensatory and punitive damages from Lochner under Title VII.

30. Lochner further retaliated against Rostberg for reporting the discrimination and harassing work environment by giving him a negative review and then terminating his employment.

31. Attorneys' fees and costs should be awarded under 42 U.S.C. § 2000 *et seq*.

**COUNT VI—DISCRIMINATION IN VIOLATION OF IDAHO HUMAN RIGHTS ACT IDAHO CODE § 67-5900 *et sec*.**

32. The foregoing paragraphs are hereby incorporated by this reference and restated as if set forth in full.

33. As an employer as defined by the Idaho Human Rights Act ("IHRA"), Idaho Code § 67-5902, Lochner was required to comply with the requirements therein in its hiring and treatment of employees.

34. Pursuant to the IHRA, Lochner is prohibited from discriminating against an employee on the basis of sex or a disability.

35. Rostberg is a person protected by the IHRA.

36. Per the IHRA, Lochner is prohibited from discriminating against Rostberg based on sex or a disability.

37. Rostberg was subjected to a hostile working environment because his workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.

38. Rostberg was subjected to verbal conduct of a sexual nature which was unwelcome and sufficiently severe or pervasive to alter the conditions of his employment and unreasonably interfere with his employment.

39. The hostile work environment and discrimination was created by a supervisor at Lochner and, when reported to Human Resources, was not remedied, investigated or addressed in any fashion.

40. Lochner further retaliated against Rostberg for reporting the discrimination and harassing work environment by giving him a negative review and then terminating his employment.

41. As a direct and proximate result of Lochner's conduct alleged herein, Rostberg has suffered and continues to suffer harm, including lost wages, lost back pay and front pay.

42. As a direct and proximate result of Lochner's unlawful conduct, Rostberg has suffered pain, humiliation, embarrassment, emotional and physical distress, and mental anguish.

43. By reason of Lochner's discrimination, Rostberg is entitled to all legal and equitable remedies to recover such monetary and other damages, including compensatory and punitive damages from Lochner pursuant to Idaho Code § 67-5908(3)(c) and (e).

## BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

44. The foregoing paragraphs are hereby incorporated by this reference and restated as if set forth in full.

45. In Idaho, there is an implied covenant of good faith and fair dealing in every contract of employment, which requires the parties to refrain from taking any action that violates, nullifies or significantly impairs any employment benefit or right.

46. Defendant breached this covenant by denying Rostberg the benefits of his employment agreement by discriminating against him.

47. As a result of Defendant's actions, Rostberg has suffered contract damages, which exceed $75,000.

## COUNT V
## BREACH OF CONTRACT

48. The foregoing paragraphs are hereby incorporated by this reference and restated as if set forth in full.

49. Defendant issued to Rostberg a handbook and other employment policies which constitute a contract of employment.

50. Defendant failed to follow its own policies and procedures in its handbook and otherwise follow its own employment policies, thereby breaching the contract.

51. As a result of Defendant's actions, Rostberg has suffered contract damages, which exceed $75,000.

## ATTORNEYS' FEES

1. The foregoing paragraphs are hereby incorporated by this reference and restated as if set forth in full.

2. It has been necessary for Rostberg to retain counsel to prosecute this action to protect her rights as herein set forth and Rostberg requests that all of his reasonable attorneys' fees and costs be awarded by the Court pursuant to Idaho Code §§ 12-120(3), 12-121, 45-615(2), Title VII, the FMLA, Federal Rule of Civil Procedure 54, or other applicable law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Rostberg hereby demands a trial by a jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rostberg prays for judgment against Defendant as follows:

1. For the entry of judgment in his favor as to each Count pled.

2. That judgment as to each Count pled be entered in accordance with the manner in which judgment was requested at the end of each Count pled.

3. For the recovery of prejudgment interest at the rate allowed by law on any liquidated amounts due to Rostberg from the date they became due.

4. For an award of costs and reasonable attorneys' fees;

5. For other costs and expenses necessarily incurred in the prosecution of this action; and

6. For such other relief the Court just and equitable under the circumstances.

DATED: June 29, 2018.

**PICKENS COZAKOS, P.A.**

By  */s/Shelly H. Cozakos*
Shelly H. Cozakos, of the Firm
*Attorneys for Plaintiff*